# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| Dave Chronister<br>1825 Sapling Dr.<br>O'Fallon, MO 63366<br><br>And<br><br>Renee Chronister<br>1825 Sapling Dr.<br>O'Fallon, MO 63366<br><br>      Plaintiffs,<br><br>v.<br><br>Global Credit & Collection Corporation<br>300 International Drive, Suite 100<br>Williamsville, NY 14221<br><br>      Defendant. | Case No.:<br><br>Judge:<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff Dave Chronister ("Dave") is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Dave incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiff Renee Chronister ("Renee") is Dave's lawful spouse.

5. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

8. On or around February 27, 2009, Defendant telephoned Renee.

9. During this communication, Defendant falsely represented that the creditor intended to sue Plaintiffs unless Plaintiffs paid the balance in full by 5:00pm that day.

10. On or around February 27, 2009, Defendant telephoned Renee's mother ("Shirley") and left a voice message.

11. During this communication, Defendant falsely represented that there was a serious charge pending against Dave and that Dave needed to contact Defendant before the end of business that day.

12. On or around February 27, 2009, Defendant telephoned Dave's brother ("Mike") and left a voice message.

13. During this communication, Defendant stated that Defendant needed to speak to Dave about an urgent matter.

14. On or around March 3, 2009, Defendant telephoned Renee excessively and repeatedly.

15. Throughout these communications, Defendant spoke to Renee in a harassing, oppressive, and/or abusive manner.

16. During at least one of these communications, Defendant threatened to have Plaintiffs arrested.

17. On or around March 3, 2009, Defendant telephoned Plaintiffs' business office and spoke to Plaintiffs' marketing manager ("Katie").

18. During this communication, Defendant disclosed to Katie that Plaintiffs owed the debt.

19. During this communication, Katie informed Defendant that Plaintiffs were not in the office at that time.

20. During this communication, Defendant repeatedly claimed that Plaintiffs were going to be arrested.

21. On or around April 15, 2009, Defendant telephoned Plaintiffs' employee ("Allen") and left a voice message.

22. During this communication, Defendant disclosed that Plaintiffs owed the debt.

23. During this communication, Defendant stated that Plaintiffs were avoiding their obligations and that the situation was escalating.

24. On or around April 22, 2009, Defendant telephoned Allen and left a voice message.

25. During this communication, Defendant again disclosed that Plaintiffs owed the debt.

26. During this communication, Defendant stated that Plaintiffs were running and hiding from the debt.

27. During this communication, Defendant demanded that Allen have Plaintiffs return Defendant's call.

28. On or around April 22, 2009, Defendant telephoned Shirley and left a voice message.

29. During this communication, Defendant disclosed to Shirley that Plaintiffs owed the debt.

30. During this communication, Defendant stated that Plaintiffs were running from the debt.

31. During this communication, Defendant demanded that Shirley have Plaintiffs return Defendant's call.

32. On or around April 22, 2009, Defendant telephoned Renee excessively and repeatedly.

33. During several of these communications, Defendant spoke to Renee in a harassing, oppressive, and/or abusive manner.

34. On or around April 29, 2009, Defendant telephoned Renee and left a voice message.

35. During this communication, Defendant spoke to Renee in a harassing, oppressive, and/or abusive manner.

36. During this communication, Defendant falsely represented that Plaintiffs would be unable to resolve the debt unless Plaintiffs returned Defendant's call by 5:00pm that day.

37. Throughout May 2009, Defendant continued to telephone Plaintiffs in an effort to collect the debt.

38. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

39. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

40. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

41. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

42. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

43. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiffs owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

44. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

45. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

46. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

47. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Plaintiffs and/or another person with the intent to annoy, abuse, and/or harass that person.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

48. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

49. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

50. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

51. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiffs.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

52. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

53. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## **JURY DEMAND**

54. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

55. Plaintiffs pray for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

                  RESPECTFULLY SUBMITTED,

              By: /s/ Timothy J. Sostrin
                  Timothy J. Sostrin, Reg. # 1592956
                  LEGAL HELPERS, P.C.
                  233 S. Wacker
                  Sears Tower, Suite 5150
                  Chicago, IL 60606
                  Telephone:  312-753-7576
                  Fax: 312-822-1064
                  Email:  tjs@legalhelpers.com
                  Attorneys for Plaintiffs